# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| PCM DESIGNS, INC. d/b/a | ) | |
|---|---|---|
| SCREENME PRINTING, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:15-CV-45-PRC |
| | ) | |
| ACUITY INSURANCE COMPANY, | ) | |
|     Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' First Motion for Leave of Court to Amend Complaint Adding Additional Necessary Parties [DE 12], filed by Plaintiff PCM Designs, Inc. d/b/a ScreenMe Printing ("PCM Designs") on March 31, 2015. The Court set an April 14, 2015 response deadline and an April 21, 2015 reply deadline. Defendant Acuity Insurance Company ("Acuity") filed its response brief on April 13, 2015. PCM Designs did not file its reply brief until April 24, 2015, three days late.[1] In the interests of justice, the Court considers the reply brief.

## RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

This lawsuit arises out of a fire that occurred on the premises of 8004 Tyler Street, in Merrillville, Indiana, on January 29, 2014. At the time of the fire, the premises were owned by Tyler Street, LLC, and Plaintiff PCM Designs leased a unit from Tyler Street, LLC. Carl Gasaway is the sole member of Tyler Street, LLC. Gasaway, who resides in Crown Point, Indiana, is a citizen of Indiana for purposes of diversity jurisdiction. Gasaway operated his own business in another unit

---

[1] PCM Designs acknowledges that the reply brief was due on April 21, 2015, but does not explain why it was not filed until April 24, 2015. The additional three-days provided for in Federal Rule of Civil Procedure 6(d) does not apply in this instance. Rule 6(d) applies only when "a party may or must act within a specified time *after service* . . . ." Fed. R. Civ. P. 6(d) (emphasis added). The deadline for PCM Designs' reply brief was set by the Court; the reply brief deadline was not based on the service on PCM Designs of Acuity's response brief.

within the 8004 Tyler Street property immediately adjacent to PCM Designs' unit at the time of the fire.

Prior to the fire, PCM Designs purchased a property and general liability insurance policy from Defendant Acuity that was in effect at the time of the fire. After the fire, Acuity conducted a presuit investigation, including taking a deposition and polygraph examination of PCM Designs' principal as well as obtaining documents from PCM Designs that included all business and personal banking records from Paul McKamey and PCM Designs, Inc. As of the filing date of PCM Designs's reply brief, Acuity had not paid PCM Designs any money under the insurance policy.

After receiving the formal denial of all claims, PCM Designs filed a Complaint against Acuity in the Lake County, Indiana, Circuit Court on December 9, 2014, alleging bad faith, breach of contract, and defamation. The defamation claim contains allegations that Acuity wrote a letter to PCM Designs accusing PCM Designs of intentionally setting the fire. On February 5, 2015, Acuity removed the matter to this Court. On February 26, 2015, after the case was removed and when the Lake Circuit Court no longer had jurisdiction over the case, PCM Designs filed an Amended Complaint in the Lake Circuit Court. Acuity filed a motion to strike the Amended Complaint in the state proceeding.

On March 31, 2015, PCM Designs filed the instant Motion for Leave to Amend Complaint, which is now fully briefed. On April 2, 2015, the Court held a preliminary pretrial conference and set all dates through trial in this case.

**ANALYSIS**

In the instant motion, PCM Designs seeks leave to join two new defendants: Carl Gasaway and Tyler Street, LLC. In the proposed amended complaint, PCM Designs asserts a claim of arson

against Gasaway, alleging that he did "knowingly, intentionally, or recklessly cause the Premises to burn, causing direct economic harm to Plaintiff." (Pl. Mot. Ex. 1, p. 5). Therein, PCM Designs also alleges claims of negligence against Gasaway and Tyler Street LLC on the basis that each breached its duty of reasonable care to prevent harm to the "Premises" by failing to have in place certain fire prevention measures, security measures, and/or fire mitigation systems. In the motion, PCM Designs asserts that Tyler Street, LLC is a necessary party because it was the true owner and lessor of the premises located at 8004 Tyler Street, Merrillville, Indiana, and because it allegedly negligently, recklessly, or intentionally caused the fire. Similarly, PCM Designs argues that Gasaway is a necessary party because he occupied the adjacent premises and because he allegedly negligently, recklessly, or intentionally caused the fire. Acuity opposes the addition of Gasaway and Tyler Street, LLC as defendants, arguing that PCM Designs is attempting to join them post-removal in order to destroy diversity, as both are citizens of Indiana like PCM Designs, which would result in the case being remanded to state court.

In its motion, PCM Designs cites only the standard for amendment of pleadings under Federal Rule of Civil Procedure 15. However, the proper standard for determining whether to allow post-removal joinder of a defendant whose addition would destroy diversity jurisdiction is governed by 28 U.S.C. § 1447(e). *See Papachristos v. Hilton Mgmt., LLC*, No. 14 CV 5501, 2015 WL 1094852, at *2 (N.D. Ill. Mar. 10, 2015) (citing *Roppo v. Travelers Ins. Co.*, No. 13 CV 5569, 2014 WL 3810580, at *3 (N.D. Ill. Aug. 1, 2014) ("[W]hen a party has been joined after the case has been removed to federal court, the court should apply 28 U.S.C. § 1447–which addresses post-removal procedures–in lieu of Rule 15." (internal quotations and citation omitted)); *Sparrow v. Menard, Inc.*, No. 11 CV 608, 2011 WL 4833116, at *1 (S.D. Ind. Oct. 12, 2011) (same)).

3

Pursuant to § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). The Seventh Circuit Court of Appeals has identified a four-factor test to determine whether post-removal joinder of a non-diverse party is appropriate. *Schur v. L.A. Weight Loss Cntrs., Inc.*, 577 F.3d 752, 759 (7th Cir. 2009). The Court considers: "(1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations." *Id*. It is within the Court's discretion to grant or deny joinder and the court should balance certain equities to make this determination. *Id*.

*1.     PCM Designs' Motive for Seeking Joinder*

The Court first considers PCM Designs' motive for seeking joinder, particularly whether its purpose was solely to defeat federal jurisdiction.

Although the doctrine of fraudulent joinder does not control in questions of post-removal joinder and is not coextensive with the question of motive, the Seventh Circuit Court of Appeals has held that fraudulent joinder, when argued by a defendant, can be a relative factor in determining whether to permit joinder under § 1447(e). *Schur*, 577 F.3d at 764. To establish fraudulent joinder, a notably difficult task, a defendant must demonstrate that, "'after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant.'" *Id*. (quoting *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992)). In this case, Acuity has not argued that PCM Designs cannot establish a cause of action against either Gasaway or Tyler Street, LLC, much less asserted that joinder is improper.

4

Yet, even if a plaintiff's claim against a non-diverse party is viable, the Court must still consider whether the joinder appears to be for the purpose of defeating federal jurisdiction. *See Schur*, 577 F.3d at 764. In its response brief, Acuity contends that PCM Designs' motive can only be for the purpose of defeating jurisdiction because at no time prior to Acuity's removal of this matter did PCM Designs allege tortious conduct on the part of Gasaway or Tyler Street, LLC and because three weeks after removal, and with no additional discovery, PCM Designs filed an amended complaint in state court that sought to add two non-diverse defendants. PCM Designs vigorously denies any specific intent in seeking joinder to divest the Court of jurisdiction.

Acuity is correct that, when a plaintiff seeks to add a non-diverse defendant immediately after removal but before any additional discovery has taken place, the district court should be wary that the amendment is sought for the specific purpose of destroying federal jurisdiction. *See Schur*, 577 F.3d at 767; *Mayes v. Rapoport*, 198 F.3d 457, 463 (4th Cir. 1999); *WG Techs., Inc. v. Thompson*, No. 1:13-CV-304, 2013 WL 1943310, at *3 (N.D. Ill. May 8, 2013) (finding that the timing of adding a defendant after removal but before any additional discovery took place "supports [that] the proposed joinder is only to destroy diversity jurisdiction and weighs against joinder").

At first glance, the timing in this case is suspicious. PCM Designs filed an amended complaint in state court (but which no longer had jurisdiction) only three weeks after Acuity filed its Petition for Removal with this Court. During that time, PCM Designs obtained no additional discovery. Nor has PCM Designs identified any facts it learned after the notice of removal, or even after the filing of the Complaint for that matter, that would lead PCM Designs to add Gasaway and Tyler Street, LLC as defendants. The proposed amended complaint filed with this Court is substantially the same as the one PCM Designs attempted to file in state court.

However, PCM Designs also expresses a concern for adjudicating all related matters in one proceeding. PCM Designs represents that, prior to filing the lawsuit in state court, Paul McKamey was aware that a fire had occurred that caused damage to the real estate and personal property inside his business, but he was not given the precise facts giving rise to his claim. Yet, PCM Designs represents that McKamey has reason to believe that the fire originated in the adjacent unit but cannot corroborate this claim because Acuity has in its possession any and all relevant documents. PCM Designs notes that, in contrast, Acuity has all the information it collected in presuit discovery. Again, the Court notes that Acuity does not contest the validity of PCM Designs' claims against Gasaway and Tyler Street, LLC. PCM Designs attempted to recover many of the documents by filing discovery along with the Complaint in state court. However, Acuity did not respond to the state court discovery prior to removal, and, once the case was removed, discovery in advance of the parties Rule 26(f) planning meeting was premature.[2]

PCM Designs explains that it seeks to add Gasaway and Tyler Street, LLC to obtain discovery to determine the proper parties to the litigation, to recover presuit discovery already conducted by Acuity prior to PCM Designs retaining legal counsel, and to comply with the pretrial deadlines issued by this Court and relevant statute of limitation deadline, which PCM Designs represents is January 29, 2016. Thus, in adding Gasaway and Tyler Street, LLC, PCM Designs seeks the most effective and efficient resolution of the present dispute.

The Court disagrees that the only conceivable reason that PCM Designs would add Gasaway and Tyler Street, LLC is to destroy diversity in order to pursue the lawsuit in state court. Despite the

---

[2] In federal court, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulations, or by court order." Fed. R. Civ. P. 26(d)(1).

fact that PCM Designs did not obtain additional discovery after removal and before filing the motion to amend, PCM Designs represents that it had information in its possession to join the defendants but was waiting to conduct additional discovery before doing so. Having been deprived of the chance to do early discovery in state court and with impending deadlines in federal court, PCM Designs chose to join Gasaway and Tyler Street, LLC sooner rather than later. The Court finds that this factor weighs in favor of joinder.

2.  *Timeliness of the Request to Amend*

Acuity argues that the fact that PCM Designs' motion came so quickly after removal without additional discovery suggests that the purpose of joinder is to destroy jurisdiction. But that argument goes to motive rather than timeliness. PCM Designs' motion was made in the early stages of litigation, less than two months after removal, prior to the Rule 16(b) scheduling conference, and well before the July 31, 2015 deadline to file motions to amend pleadings that was set by this Court. Although PCM Designs represents that the statute of limitations time period does not expire until January 29, 2016, PCM Designs should not have to wait until the eve of the expiration of the statute of limitations time period to pursue a valid claim just to avoid an appearance of attempting to destroy diversity jurisdiction. The motion is timely. This factor favors joinder.

3.  *Injury to PCM Designs*

Next, the Court considers whether PCM Designs will be significantly injured if joinder is not allowed. Acuity contends that, because this litigation arose out of a breach of contract claim by PCM Designs against its insurer, Acuity, the tort claims brought against the two new defendants are irrelevant and would only complicate and delay an otherwise straightforward litigation. Acuity also argues that the claims in PCM Designs' lawsuit against Acuity can be resolved without involvement

7

of Gasaway and Tyler Street, LLC, as the actions or inactions of Gasaway and Tyler Street, LLC have no bearing on Acuity's decision not to pay PCM Designs' insurance claim.

However, if PCM Designs indeed has a valid claim against Gasaway and/or Tyler Street, LLC, as alleged in the proposed amended complaint, then PCM Designs would be injured if joinder is not permitted. PCM Designs would have to litigate separate lawsuits in two separate forums, which would likely increase PCM Designs' litigation costs and adversely affect judicial economy. Indeed, PCM Designs argues that it will be prejudiced by the cost and time consuming nature of conducting parallel litigation in state and federal court. Notably, PCM Designs' admission that the Lake Circuit Court is the proper and most efficient venue to resolve all disputes and all claims in this cause of action is not a sound reason to deny joinder. *Willig v. Green Bay Dressed Beef, LLC*, No. 14-C-1043, 2015 WL 1034469, at *1 (E.D. Wis. Mar. 10, 2015) ("Subject matter jurisdiction is not a ball to be hidden in a shell game, it is an issue to be highlighted at the earliest opportunity.").

In addition, PCM Designs' claims against Acuity do not sound only in breach of contract; PCM Design has also alleged bad faith and defamation. PCM Designs alleges that, in a letter, Acuity accused PCM Designs of intentionally setting the fire that led to the loss on January 29, 2014. Similarly, Acuity's Answer alleges that "Acuity Insurance Company's investigation regarding the January 29, 2014 fire has determined that the January 29, 2014 fire was intentionally set. Acuity Insurance Company's investigation determined the fire was set with Plaintiff's consent or authority." (Ans. First Aff. Def. ¶ 2). PCM Designs argues that it will be significantly injured if it is proven that the fire began in the adjacent unit and Gasaway and Tyler Street, LLC are not joined in this litigation. Given that Acuity accused PCM Designs of arson in denying the claim and PCM Designs

now alleges that Gasaway and/or Tyler Street, LLC are responsible for the fire or for not preventing the fire, the balance of prejudice tips in favor of PCM Designs and joinder.

*4. Other Relevant Equitable Considerations*

Some courts have recognized that defendants have "a significant interest in proceeding in a federal instead of an out of state forum." *Sparrow*, 2011 WL 4833116, at *5 (quoting *Hart v. Dow Chem. Co.*, No. 95 C 1811, 1997 WL 627645, at *6 (N.D. Ill. Sept. 30, 1997)). Acuity does not affirmatively assert this interest.

Acuity overlooks the fact that it has been in possession of all the documents related to the investigation of the fire and its own presuit investigation. Given the history of this young action, Acuity probably considered the likelihood that Gasaway and Tyler Street, LLC would be named as defendants, which would destroy diversity. *Willig*, 2015 WL 1034469, at *2 (citing *Schur*, 577 F.3d at 759).

Neither party will be geographically inconvenienced as the location of this federal court is in the same county as the state court in which the state court claims against Gasaway and Tyler Street LLC would be pursued. This factor is neutral.

Overall, the Court finds that the other equitable considerations weigh in favor of joinder.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Plaintiffs' First Motion for Leave of Court to Amend Complaint Adding Additional Necessary Parties [DE 12].

The Court **DIRECTS** the Clerk of Court to **FILE** on the electronic docket the Amended Complaint and its Exhibit A, which are currently on the docket as Exhibits 1 and 2 to the instant motion. *See* (docket entries 12-1 and 12-2).

Pursuant to 28 U.S.C. § 1447(e), the Court **ORDERS** that this matter is **REMANDED** to the Lake Circuit Court.

So ORDERED this 7th day of May, 2015.

                                              s/ Paul R. Cherry
                                              MAGISTRATE JUDGE PAUL R. CHERRY
                                              UNITED STATES DISTRICT COURT

cc:     All counsel of record